# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                                  CRIMINAL NO. 2004-10004-PBS

ESSAM MOHAMMED ALMOHANDIS.

## *OPINION AND ORDER SETTING CONDITIONS OF RELEASE*

COLLINGS, U.S.M.J.

    This case presents a complicated set of circumstances that have made it very difficult to set conditions of release which will reasonably assure the defendant's appearance. The Government no longer contends that the defendant needs to be detained in order to reasonably assure the safety of other persons and the community. So the only issue is risk of flight.

    The facts are that the defendant, a citizen of Saudi Arabia, was arrested at Logan Airport, Boston after he arrived on a flight from Riyadh, Saudi Arabia via Frankfurt on January 3, 2004. He was arrested before he was admitted to

the United States when border agents discovered three "devices" in his backpack which the Government claims are "incendiary" or "explosive" devices. He is charged with possessing the devices on the aircraft as well as making false statements to border officials that the devices were artists' pens or crayons.

The defendant, who works at a hospital in Riyadh, was coming to the United States on a valid B-1 visa to be trained on some medical equipment which the hospital in Riyadh either had or was going to acquire. These facts have been verified.

The defendant is thirty-three years old and lives with his wife and two children; the oldest child is two years, nine months, and the younger is just about two weeks old. He has no prior criminal record and from the evidence presented, has a reputation in his community of being a hard-working peace-loving man of integrity. He appears to harbor no ill will toward the United States.

His family and friends are prepared to post $50,000 cash to secure his appearance in this case; the Government seeks his detention.

The Court's first inclination would be to release the defendant and

require him to remain in the United States pending trial. Presumably his family and friends would have the ability to support him during his stay in this country. However, the Government states that that route would not be possible because the defendant never was allowed entry into the United States, having been stopped at the border. Thus, according to the Government, if he were released, he would taken into custody by immigration officials and immediately sent back to Saudi Arabia. However, if I released the defendant and he returned to Saudi Arabia, he would be permitted to enter into the United States (or, as the Government puts it, "to be paroled into the United States") for the purpose of the trial of this case and sentencing (if convicted) or for Rule 11 hearing (guilty plea) and sentencing. So although I cannot release the defendant and require him to remain in this country, I can release him to return to Saudi Arabia, and the defendant would be permitted to return to the United States for further proceedings in this case and would be able to be on release within the United States.

   Thus, the Government gives me but two alternatives, i.e., either detain the defendant in order to keep him in the United States or release him to reside in Saudi Arabia. The Government urges that I do the former; defense

counsel argues in favor of the latter.

One problem with detaining the defendant pending trial is that he would most likely spend considerably more time in jail than the Sentencing Guidelines proscribe upon conviction for the crimes with which he has been charged, a result which hardly seems just. Another is that there very well may be triable issues as to whether the three devices were "explosive" or "incendiary" devices as those terms are used in the statute. Thus, there could very well be protracted pre-trial proceedings before a trial could even take place.

In these circumstances, the Court is of the view that the defendant should be released and permitted to return to Saudi Arabia if there are conditions of release which will reasonably assure that he will voluntarily return to the United States for trial.[1] Of course, the statute does not require that the evidence be so strong that the conditions of release must guarantee that the defendant will appear if released; the evidence must only support the

---

[1] The Government and defense counsel disagree on the question of whether or not the Saudi Government could force the defendant to return to the United States for trial if the defendant were unwilling to do so. There is no extradition treaty in place between the United States and Saudi Arabia, so the question of whether the Saudi Government, on the request of the United States, could legally take the defendant into custody and forcibly return him to the United States is dependent on Saudi law. Since nothing has been presented which would indicate that Saudi law would permit such action, I will base my decision on the premise that if the defendant, after returning to Saudi Arabia, chooses not to return, there is no way in which he can be forced to return.

proposition that the conditions set will reasonably assure the defendant's appearance.

On the basis of all the evidence which has been presented to me, I find that the posting of $50,000 cash into the Registry of the Court would be sufficient to give a reasonable assurance that the defendant will return to the United States for trial. Accordingly, it is ORDERED that the following Conditions of Release be set in this case:

(1) The defendant shall promise on the record in open Court that he will return from Saudi Arabia for any proceedings in this case in which his presence is required and that he will cooperate fully with the Governments of the United States and Saudi Arabia in any proceedings undertaken to effectuate his return to the United States to stand trial.[2]

(2) The defendant shall sign a $50,000 bond secured by the deposit of $50,000 cash into the Registry of the Court.

(3) Upon his return to Saudi Arabia, the defendant shall maintain his current residential address and not move from that address without obtaining advance permission from the Court.

(4) The defendant shall telephone Pre-Trial Services before 4:00 P.M. (Eastern time) on every Wednesday. Alternatively, if can be arranged, Pre-Trial Services may, either in addition to or in lieu of telephonic contact, require that the defendant report on a weekly

---

[2] The Convention for the Suppression of Unlawful Acts against the Safety of Civil Aviation may be applicable to the instant case. The Convention was concluded on September 23, 1971 and both the United States and Saudi Arabia are signatories.

      basis to a specified officer at the American Embassy in Riyadh.

(5)    Upon his return to Saudi Arabia, the defendant shall turn in his passport to the United States Embassy in Riyadh.

(6)    The defendant shall maintain his employment while on release.

(7)    The defendant shall not commit any crimes while on release.

(8)    The defendant may not possess any firearms, destructive devices or dangerous weapons while on release, and there shall be none in his residence.

(9)    The defendant shall not travel outside Saudi Arabia except for the purpose of returning to the United States for proceedings in this case.

If and when the defendant is required to return to the United States for proceedings in this case, the Court shall, prior to his return, convene a hearing in order to set the Conditions of Release which will be applicable to the defendant while he is in the United States.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

January 13, 2004.