

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *United States Courthouse, Suite 9200*
                                    *1 Courthouse Way*
                                    *Boston, Massachusetts 02210*

January 27, 2004

**By Hand Delivery**

Miriam R. Conrad, Esq.
Federal Defender Office
408 Atlantic Avenue, 3rd Fl.
Boston, MA 02210

> Re: **United States v. Essam Mohammed Almohandis,**
> **Criminal No. 04-10004-PBS**

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government has previously provided, or provides herewith, the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

     a.   Written Statements

Enclosed are the following relevant written statements made by Defendant Essam Mohammed Almohandis ("the Defendant") in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

     1.   Advice of rights (US.EMA.005)[1];

---

[1]   The government's production of Bates-stamped materials is marked with the alphanumeric designation "US.EMA.000." The government has previously provided to you an unnumbered set of documents, and a set of Bates-stamped documents bearing US.EMA001

      2.    Advice of rights (US.EMA.064);
      3.    Customs Declaration (US.EMA.188-189)

    b.    <u>Recorded Statements</u>

There are no relevant recorded statements of the Defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The Defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then-Known Government Agents</u>

The following documents are enclosed:

1. Federal Bureau of Investigation ("F.B.I.") FD-302 (US.EMA.001-004);
2. Personal History (US.EMA.006);
3. Statement of Immigration and Customs Enforcement ("I.C.E.") Special Agent Gus DaCunha (US.EMA.046);
4. Statement of United States Customs and Border Protection ("USCBP") Officer Peter Mailloux (US.EMA.048-049);
5. Statement of I.C.E. Senior Special Agent Colleen Forgetta (US.EMA.050-053);
6. F.B.I. FD-302 (US.EMA.059-063);
7. Synopsis of events (US.EMA.136-137).

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

The government is unaware at this time of any prior criminal record of the Defendant.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

You have previously received, or enclosed herewith are, copies of all books, papers, documents, photographs and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the Defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the Defendant, other than those personal items of the Defendant which were returned to you and Mr. Peevyhouse on January 23, 2004, for which you were provided a receipt by F.B.I. Special Agent David Habich. The originals may be inspected by contacting the

---

through US.EMA.137. Along with this letter, the government provides documents US.EMA.138 through US.EMA.209.

undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. At the initial appearance on January 5, 2004, you also received 45 photographs of the Defendant and evidence, both on photographic paper and on CD/Rom.

4.   Reports of Examinations and Tests under Rule 16 (a)(1)(D)

Enclosed are the following documents:
A.   Draft report by Greg Carl, F.B.I. Explosives Unit (US.EMA.042-043);
B.   Report of Massachusetts State Troopers Chester Bishop and Timothy Murray (US.EMA.044-045, 047);
C.   Synopsis of Events (US.EMA.136-137).

A copy of the F.B.I. final report will be provided to you upon receipt by this office.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

A consent search of the Defendant's backpack was conducted by USCBP Officer Peter Mailloux at the Logan International Airport international arrival hall on January 3, 2004. Three 1.5 inch yellow cylindrical objects were seized. (US.EMA.039-040, 048-049).

A further consent search was conducted of the Defendant's cellular telephone. Enclosed is a copy of an F.B.I. FD-302 report describing the telephone number and attached identifying information disclosed during that search. (US.EMA.059-063).

An inventory search was conducted of the Defendant's backpack January 3, 2004. Enclosed at (US.EMA.007-008) is an inventory of evidence seized during that search. Also enclosed is a copy of an F.B.I. FD-302 report describing the items seized during that search. (US.EMA.019-023).

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the Defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the Defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The Defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the Defendant.

Several members of the flight crew and flight attendants on Lufthansa Flight 422 for January 3, 2004 were shown a photograph of the Defendant. (US.EMA.013-019, 024-028). At present, the government does not anticipate calling any of those individuals as a witness in its case-in-chief.

One flight attendant and one passenger, each from Lufthansa Flight 422, identified the Defendant from a photograph each was shown. (US.EMA.024-025, 054-056). At present, the government does not anticipate calling either of those individuals as a witness in its case-in-chief.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is unaware of any information that would tend directly to negate the Defendant's guilt concerning any count in the indictment.

2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4. The government is unaware that any of its named case-in-chief witnesses has any criminal record.

5. The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

6. No named percipient witness failed to make a positive identification of a defendant with respect to the crimes at issue. As set forth above in Section F,

4

some members of the flight crew and flight attendants of Lufthansa Flight 422 from January 3, 2004 who were shown a photograph of the Defendant did not recognize him. Those individuals include: Puetz Hans-Jurgen, Sigrid Iwan, Klaus Jansen, Filiz Alice Kacar, Jean Georges Rau, Annette Fernando, Marco Antonio Soares and Thomas Kloesel. (US.EMA.013-018, 026-028). At present, the government does not anticipate calling any of those individuals as a witness in its case-in-chief.

H.  Other Matters

Although not required at this time, the government discloses herewith the grand jury testimony of I.C.E. Special Agent Wayne Day of Immigration and Customs Enforcement, F.B.I. Special Agent David Habich, and Massachusetts State Trooper Timothy Murray. The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the Defendant's intention to offer a defense of alibi. The date and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint initially filed in this in this case, and further set forth in the indictment, a copy of which you previously have received.

Please call the undersigned Assistant U.S. Attorney if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*

GREGORY MOFFATT
Assistant U.S. Attorney
617-748-3370

enclosures
cc:   Ms. Gina Affsa
      Clerk to the Honorable Robert B. Collings
      (w/o enclosures)