```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
_____
                                )
UNITED STATES OF AMERICA        )
                                )
v.                              )    Criminal No.  04-10004-PBS
                                )
ESSAM MOHAMMED ALMOHANDIS       )
                                )
                                )
_____)
```

### JOINT MEMORANDUM ON INITIAL STATUS CONFERENCE

Pursuant to Local Rule 116.5(A), the parties report as follows:

1. The case is on an expedited track, and trial is currently scheduled for February 23, 2004. The parties are meeting with the District Court Judge (Saris, D.J.) today at 4:00 p.m.[1] Pursuant to Local Rule 116.3, on January 30, 2004, counsel for the Defendant provided counsel for the government with a letter requesting additional discovery. Counsel for the government responded to that letter on February 3, 2004. That correspondence has been filed with the Court.

2. The government has provided expert reports and curricula vitae for Thomas J. Mohnal, an explosives expert employed by

---

[1] Given the expedited schedule, to assist the Court in addressing the issues in the case, counsel have responded to the issues set forth in Local Rule 116.5(A), and, at paragraphs 8 through 10, those non-repetitive issues set forth in Local Rule 116.5(C).

    the Federal Bureau of Investigation, Daniel M. Hickey, a chemist employed by the Federal Bureau of Investigation, and Timothy R. Murray, an explosives expert employed by the Massachusetts State Police.  The government will provide any further expert discovery by February 6, 2004.  The Defendant has requested an opportunity to have one or more experts examine the three incendiary devices at issue in this case.  Counsel for the government has made arrangements for the devices to be returned to F.B.I./Boston from the F.B.I.'s laboratory at Quantico, Viragina.  The devices are expected to be available for inspection by February 10, 2004.  The government requests reciprocal expert discovery pursuant to Fed. R. Crim. P. 16(b)(1)(B) and (C).

3.    The government has provided discovery.  Other than making available the three incendiary devices for inspection by expert(s) for the defense, the government does not anticipate providing further supplemental discovery.  The government will provide the defense with all documentation regarding the chain of custody for those items which remain in its custody prior to the introduction of any such item(s) as evidence at trial.  For the purpose of fulfilling its obligations under Local Rule 116.2(B), the government has provided counsel for the Defendant with <u>Giglio</u> responses as to four Special Agents from the Federal Bureau of

Investigation, and two State Troopers from the Massachusetts State Police.  The government has issued a separate <u>Giglio</u> disclosure letter to the Federal Bureau of Investigation regarding the experts identified above at paragraph 2.  The government has also issued <u>Giglio</u> disclosure letters to Immigration and Customs Enforcement regarding three Special Agents and to U.S. Customs and Border Protection regarding three officers or inspectors.  The government will provide copies of those agencies' responses to counsel for the Defendant as soon as they are received.

4. The parties request that the District Court set a Motion date of February 20, 2004 to hear argument on any motion then outstanding, and for the purposes of conducting a Final Pretrial Conference.

5. The parties move to exclude the nine (9) day period from January 13 to January 21, 2004 pursuant to 18 U.S.C. § 3161(h)(1)(F) and (J), during which time the government's Motion for Detention was being reviewed, or was under advisement, by this Court and by the District Judge.  The parties further move to exclude the twenty-two (22) day period from January 13 to February 3, 2004 pursuant to Local Rule 112.2(A)(2).  The Defendant has not filed a waiver under Local Rule 116.1(B), and thus consents to this exclusion of this period.  As of the filing of this

      Memorandum, no non-excludable days have elapsed.

6. Trial is anticipated. A trial should take not more than five trial days.

7. Defendant anticipates filing a motion for discovery, and possibly, a motion to suppress statements. The parties hereby request the Court to order Defendant to file any such discovery motion by not later than February 6, 2004, and that the government file any response thereto by not later than February 13, 2004. The parties request that the Court schedule a Motion date during the week of February 17-20, 2004. Defendant will file any motion to suppress statements once the Court has ruled on his discovery motion.

8. Defendant does not intend to raise a defense of insanity or public authority.

9. Pursuant to Fed. R. Crim. P. 12.1(a)(1), the government has requested notice of alibi in its automatic discovery letter dated January 27, 2004. Defendant does not intend to offer an alibi.

10. The parties have discussed the possibility of an early resolution of the case without trial.  At present, the parties believe a trial will be required.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| MICHAEL J. SULLIVAN,<br>United States Attorney,<br>By: | ESSAM MOHAMMED ALMOHANDIS,<br>By His Attorney, |
| /s/ Gregory Moffatt<br>GREGORY T. MOFFATT<br>Assistant U.S. Attorney<br>(617)748-3370 | /s/ Miriam R. Conrad<br>MIRIAM R. CONRAD, ESQ.<br>Federal Defender Office<br>408 Atlantic Avenue, 3rd Floor<br>Boston, MA 02210<br>(617)223-8061 |

DATE:    February 4, 2004