FEDERAL DEFENDER OFFICE
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
(FAX) 617-223-8080

January 30, 2004

Gregory Moffatt
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA   02210

      Re:  United States v. Essam Al Mohandis
           Criminal No. 04-1004-PBS

Dear Greg:

    Pursuant to Local Rule 116.3(A), I am requesting the following discovery:

1.   Statements of defendant.

    In addition to reports regarding relevant statements made to government agents by the defendant, I request any and all notes regarding those statements. This discovery clearly is required by Fed. R. Crim. P. 16(a)(1)(A), which provides for discovery of "any written record containing the substance of any relevant oral statement . . ." See Advisory Committee Notes to 1991 Amendments ("The written record need not be a transcription or summary of the defendant's statement but must only be some written reference that would provide some means for the prosecution and defense to identify the statement").

2.   Books, papers, documents, photographs, tangible objects.

    In addition to items intended for use by the government as evidence in its case-in-chief at trial or that were obtained from or belonged to the defendant, we request the following items within the possession, custody, or control of the government that we deem material to the preparation of the defense:

FEDERAL DEFENDER OFFICE

    a)   to the extent practicable, originals or photographic (rather than photocopied) duplicates of all photographs taken during the course of the crime charged or the investigation conducted in the instant case, whether or not the government intends to use them at trial; or, where it is not possible to provide photographic duplicates, defendant requests an opportunity to inspect the originals and that he be provided with color photocopies of them;

    b)   inspection, or copies, of any audio tapes or video tapes or other films made during the course of the crime charged, during any identification procedures conducted in this case, or during the investigation conducted in the instant case whether or not the government intends to use them at trial.

    c)   inspection of or photographic duplicates of photographs shown to any witnesses;

    d)   any chart, summary, diagram, or map that will be used by the government at trial;

    e)   any chart, summary, diagram, or map created, marked, or reviewed by any witness during the investigation of this case and/or during any grand jury testimony; and

    f)   all documents describing the chain of custody of each item recovered or taken from defendant or seized during any searches of premises controlled by or belonging to defendant.

3.   <u>Exculpatory Evidence</u>.

    I hereby request all information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action, disciplinary action or criminal investigation, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant. In <u>United States v. Garrett</u>, 542 F.2d 23 (6th Cir. 1976), the court reversed a conviction where the district court foreclosed discovery as to an undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis. Such evidence was relevant because the undercover agent "might well have looked upon a successful prosecution of [the defendant] as a means of having his [own] suspension [from

FEDERAL DEFENDER OFFICE

duty] lifted." Id. at 26. See also United States v. Brooks, 966 F.2d at 1503 (government's duty to produce exculpatory material extended to local police department's homicide and Internal Affairs Division files); United States v. Henthorn, 931 F.2d at 31 (government's failure to examine personnel files upon a defendant's request for production of exculpatory material was reversible error).

4.  Expert Testimony

As previously discussed, I am requesting that you provide me with expert witness disclosures required by Fed. R. Crim. P. 16(a)(1)(G) at least 21 days before trial.

Please call me if you have any questions about these requests or wish to discuss them.

                                          Sincerely,

                                          Miriam Conrad

MC:bab

cc:  Clerk of Court

- 3 -