UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10004-PBS |
| ) | |
| ESSAM ALMOHANDIS ) | |

MOTION FOR PRODUCTION OF
NOTES OF DEFENDANT'S STATEMENTS

Defendant, Essam Almohandis, hereby moves that this court order the government to produce any notes made by government agents regarding statements made by the defendant when they interrogated him. This discovery is required by Fed. R. Crim. P. 16(a)(1)(B)(ii), which requires disclosure of "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agents[.]"

While the government has provided reports by government agents who interrogated Mr. AlMohandis, it has refused to produce notes of the statements allegedly made by Mr. AlMohandis during questioning. Defendant submits that Rule 16, as amended in 1991, requires production of both reports and statements. The Advisory Committee Notes to the 1991 amendment make this clear:

The written record need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and defense to identify the statement.

Several courts have required disclosure of notes under this provision. In <u>United States v. Griggs</u>, 111 F.Supp.2d 551 (M.D.Pa. 2000), the court ordered production of notes made by state troopers during their interrogation of defendant, despite the court's doubt as to the applicability of Fed. R. Crim. P. 16(a)(1)(A) to <u>state</u> law enforcement officers. In doing so, the court held that the notes "likely would be discoverable [despite decisions holding that only a report need be disclosed] because the language of the rule is to the effect that any written record of an oral statement by the defendant to a known agent must be disclosed." <u>Griggs</u>, 111 F.Supp.2d at 554.

Another district court rejected the government's argument that the Jencks Act covered pretrial disclosure of notes of an interrogation. See <u>United States v. Wright</u>, 2001 U.S. Dist. LEXIS 6347 (D. Kan. 2001), at *49-51 (ordering disclosure). The <u>Wright</u> court relied upon <u>United States v. Hoffman</u>, 794 F.2d 1429 (9th Cir. 1986), which held, "'Oral' statements encompass written summaries and notes of oral statements prepared by government agents." <u>Id</u>. at 1432 n. 4.

Cases that hold to the contrary do not acknowledge the 1991 expansion of discovery of a defendant's oral statements. See,

-2-

e.g., <u>United States v. Muhammed</u>, 120 F.3d 688, 699 (7th Cir. 1997) (failing to mention Rule 16 at all and citing cases decided before the rule was amended); <u>United States v. Mango</u>, No. 96-CR-327, 1997 U.S. Dist. LEXIS 6145. *66 (N.D.N.Y. May 1, 1997) (citing portion of Rule 16(a)(1)(A) requiring disclosure of "substance of any oral statement" and omitting any mention of the portion requiring disclosure of "any written record" of the statement); <u>United States v. Myers</u>, No. 97-CR-140, 1997 U.S. Dist. LEXIS 20717 (N.D.N.Y. December 24, 1997)(omitting mention of "any written record" language and relying upon case decided before language was added to rule).

Defendant submits that the notes should be disclosed regardless of whether they differ from the previously disclosed reports. <u>See</u> <u>United States v. Carucci</u>, 183 F.R.D. 614 (S.D.N.Y. 1999), (noting absence of materiality requirement in what was then Fed. R. Crim. P. 16(a)(1)(A)). <u>See also</u> <u>United States v. Molina-Guevara</u>, 96 F.3d 698, 705 (3rd Cir. 1996). To the extent that the notes are either more or less inclusive than the reports, however, defendant submits that the notes may well constitute exculpatory evidence. <u>Cf</u>. <u>Wright</u>, 2001 U.S. Dist. LEXIS 6347 (D. Kan. 2001) at *48-49.

<u>Certification Under Local Rule 116.3(F)</u>

Undersigned counsel, Miriam Conrad, certifies that she has conferred with opposing counsel in a good faith attempt to eliminate or narrow the issues raised in this motion.

          ESSAM ALMOHANDIS
          By his attorney,

          Miriam Conrad
           B.B.O. # 550223
          Federal Defender Office
          408 Atlantic Ave. 3rd Floor
          Boston, MA  02210
          Tel: 617-223-8061

<u>CERTIFICATE OF SERVICE</u>

 I, Miriam Conrad, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Gregory Moffatt by delivery on February 5, 2004.

          Miriam Conrad