UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10004-PBS |
| | ) | |
| | ) | |
| ESSAM MOHAMMED ALMOHANDIS | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR PRODUCTION OF NOTES OF DEFENDANT'S STATEMENTS**

The government hereby opposes the demand for additional discovery filed by Defendant in this matter. Defendant seeks any rough notes taken by Customs and Border Protection officers, special agents and troopers during the January 3 & 4, 2004 interviews of Defendant. The reports of those interviews include: (i) a two-page statement of U.S. Customs and Border Protection Officer Peter Mailloux; (ii) a seven-page statement labeled a narrative summary; (iii) a four-page statement of Senior Special Agent Colleen Forgetta of Immigration and Customs Enforcement; (iv) a one-page statement of Special Agent Gus DaCunha of Immigration and Customs Enforcement; (v) a four-page F.B.I. FD-302 written by Special Agent Michael McCall, Special Agent Edmund Cronin, and Massachusetts State Trooper Bill Barrett; and (vi) a two-page F.B.I. FD-302 written by Special Agent Edmund Cronin and Trooper Bill Barrett. All of the above-

listed reports have been produced to Defendant[1], as have Advice of Rights and Customs Declaration Waivers executed by Defendant.

In support of this request, Defendant cites a portion of the Advisory Committee Notes to the 1991 amendment to Rule 16 of the Federal Rules of Criminal Procedure, which requires production of the substance of such statements regardless of whether the government intends to use it at trial.

The defendant's demand is without support. The government is not obligated to produce such notes where, as here, the substance of the statements incorporated within the reports based on such notes have already been produced. The government has also agreed to produce any Brady and Jencks material, and has in fact already produced all its Jencks material. The government is unaware of any Brady material.

The text of Rule 16(a)(1)(A) and the Advisory Committee Notes make clear that, if there is a written record containing the substance of a defendant's oral statements in response to interrogation by a law enforcement officer, the United States is required to disclose the statement. This ensures that the defense is aware of any written versions of oral statements (not just inculpatory statements) made in response to interrogation. However, the rule does not require the United States to disclose

---

[1] The Court, (Collings, M.J.), has received copies of these reports, with the accompanying notes for review of the notes *in camera*.

2

handwritten rough notes of interviews made by an interrogating agent when a formal typewritten report that summarizes a defendant's oral statements and a formal written statement are produced.

Prior to the revision of Fed. R. Crim. P. 16(a)(1)(A), the Second Circuit held that the production of an agent's typewritten memoranda of an interview with a defendant satisfied the government's discovery obligations under Fed. R. Crim. P. 16(a)(1)(A). United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir. 1989). The Koskerides court thus rejected the very argument made by Defendant in this case -- that the government was required to grant the defendant access to an agent's handwritten notes from an interview with the defendant. Id.

Since the enactment of the 1991 Amendments to Rule 16, other courts confirmed that the government's obligation to disclose written records of the substance of a defendant's oral statements under Rule 16(a)(1)(A) is satisfied by the production of an agent's typewritten report and that the government is not obligated to provide Defendant with copies of the notes the agent relied upon to prepare the report. See United States v. Myers, No. 97-CR-140 (RSP/GJD), 1997 WL 797507, at *3 (N.D.N.Y. Dec. 24, 1997) (defendant not entitled under Rule 16(a)(1)(A) to discovery of notes of government agents made during interrogation of defendant); United States v. Mango, No. 96-CR-327, 1997 WL

3

222367, at *22 (N.D.N.Y. May 1, 1997) (in order to comply with Rule 16, government only needs to provide defendant with typewritten memoranda of interviews prepared from agent's handwritten notes); United States v. Walker, 922 F. Supp. 732, 744 (N.D.N.Y. 1996) ("In order to fully comply with Rule 16, the government only needs to provide the defendant with the typewritten memoranda of interviews prepared from the agent's handwritten notes").

The Seventh Circuit has also held that a defendant could not compel the government to produce an agent's rough interview notes that were subsequently incorporated into a final typewritten report, even after a testifying witness relied upon the typewritten report to refresh her recollection at trial. United States v. Muhammed, 120 F.3d 688, 699 (7th Cir. 1997). The court went on to state that a defendant "is not entitled to an agent's notes if the agent's report contains all that was in the original notes." Id. Although the Seventh Circuit did not specifically address Rule 16, it clearly stated that there was "no legal basis" for compelling the production of the notes. Id. But see United States v. Molina-Guevara, 96 F.3d 698, 705 (3d Cir. 1996) (reversing on other grounds, but noting that government had conceded that production of agent's handwritten notes of interview with defendant was required under Fed. R. Crim. P. 16 and noting that notes would be produced on remand).

While the government acknowledges that <u>United States v. Griggs</u>, 111 F.Supp 2d 551 (D. Md. 2000), and cited by Defendant, required the production of rough notes of an interview with the defendant, a careful reading of <u>Griggs</u> demonstrates that the Court was more concerned with possible <u>Brady</u> issues rather than Defendant's expansive interpretation of Rule 16.  <u>See</u> <u>Griggs</u> at 554 (court noted that it was "not clear" whether handwritten notes must be disclosed under Rule 16).

In this case, the United States has provided defendant with each report in its possession which contains "the *substance* of any relevant oral statement by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent,..." Fed. R. Crim. P. 16(a)(1)(A). Counsel for the United States has reviewed the handwritten notes produced to the Court, as well as other notes not taken during interviews of Defendant.  None of those notes contain <u>Brady</u> information.  Surely this satisfies the government's obligations.

Moreover, Fed. R. Crim. P. 16(a)(2) exempts "from discovery or inspection [] reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."  The notes, by their nature, are "internal government documents" not subject to production.  The Rule could have been written to require disclosure of any notes which contain

5

statements of a defendant. It simply has not been so written.

The government's view is further supported by this Court's adoption of Local Rule 116.9(A), requiring the preservation of, among other things, agents' notes. The Local Rules Committee could have established an exception requiring the immediate disclosure of those notes which were made at that the time of a Defendant's statement to known law enforcement officers. The Rule has not been so written.

## CONCLUSION

Based on the forgoing, the government requests that Defendant's Motion For Production Of Notes Of Defendant's Statements be denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

        By: _____
                              GREGORY MOFFATT
                              Assistant U.S. Attorney
                              (617) 748-3370

DATED: February 6, 2004

### CERTIFICATE OF SERVICE

I, Gregory T. Moffatt, Assistant U.S. Attorney, do hereby certify that I have this day served the copy of the foregoing by hand delivery, to Miriam R. Conrad, Esq., Federal Defender Office, 408 Atlantic Avenue, 3rd Fl., Boston, MA 02210, this 6th day of February 2004.

                              _____
                              GREGORY MOFFATT
                              Assistant U.S. Attorney