UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-1004-PBS |
| | ) | |
| ESSAM M. AL-MOHANDIS | ) | |

DEFENDANT'S MOTION TO LIMIT EXPERT TESTIMONY

Defendant, Essam M. Al-Mohandis, respectfully moves that this court preclude the government's expert witnesses from testifying 1) that the items "constitute 'hazardous materials' not permitted on aircraft for the purposes of 49 U.S.C. § 46312(a) and 49 C.F.R. § 172.101, 2) that the items at issue here meet the "statutory definition" of an incendiary device, or 3) that the items could be used, with other materials, as components of an "improvised explosive device."

As grounds for this motion, defendant states that he is charged in Count One of the indictment, under 49 U.S.C. § 46505(b)(3) with having "on or about his person on an aircraft . . . three explosive or incendiary devices."

Mr. Al-Mohandis is not charged under 49 U.S.C. § 46312 with transporting hazardous materials.  The statute under which he is charged imposes criminal penalties for "explosive or incendiary devices".  It makes no reference to hazardous materials or to 49

C.F.R. § 172.101. Thus, whether the items in question constitute hazardous materials is completely irrelevant in this case. Furthermore, evidence suggesting that transportation of the items might constitute a separate, uncharged crime should be excluded under both Fed. R. Evid. 404(b) and Fed. R. Evid. 403.

With respect to the government's proffer that the experts will testify that the items "meet the definition of 'incendiary devices,'" for purposes of 49 U.S.C. § 46505(b)3 and 18 U.S.C. § 232(5), defendant submits that the government's witnesses should not be permitted to interpret the statutory definition. It is the court's province to interpret and instruct the jury about the meaning of the statute.

Section 46505(b)(3) does not define the term "explosive or incendiary device". In United States v. Mena, 933 F.2d 19 (1st Cir. 1991), the First Circuit noted the absence of a definition of that term in the predecessor statute, 49 U.S.C. App. § 1472 (1)(2). The Court held that the definition was no narrower than that applicable to arson cases, set forth in 18 U.S.C. § 232(5):

> any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual alone.

The Mena court addressed in detail the sufficiency of the evidence to show that the item in question -- a homemade bomb

consisting of a kerosene derivative contained in a can, with a wick and protruding brass contacts -- fell within the statutory definition. Clearly, this is a determination that must be based on statutory interpretation. The government's witnesses are not qualified to instruct the jury on the law. Furthermore, allowing them to given an opinion as to whether the items in question are incendiary devices "within the meaning of the statute" would allow them to substitute their judgment for that of the jury. Instead, the experts' testimony should be confined to the characteristics of the items in question that may or may not place them within the sweep of the statute.

Finally, defendant submits that the government should be precluded from offering any evidence as to whether the items could be used, with other components, to produce an "improvised explosive device". While government counsel has indicated to defense counsel that he will not be offering any such evidence – and the Government's Summary of Expert Testimony does not mention any such testimony – undersigned counsel seeks an order affirmatively prohibiting the government's witnesses from testifying regarding hypothetical uses for the items, if they were combined with other components. As grounds for this request, defendant submits that such evidence is irrelevant to the charge which Mr. Al-Mohandis faces, which requires proof that the items seized were <u>themselves</u> incendiary devices.

-3-

Furthermore, any such evidence would depend upon, and likely provoke, unduly prejudicial speculation.

ESSAM M. AL-MOHANDIS<br>
By his attorney,<br>
<br>
Miriam Conrad<br>
   B.B.O. # 550223<br>
Federal Defender Office<br>
408 Atlantic Ave. 3rd Floor<br>
Boston, MA  02110<br>
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Gregory Moffatt by delivery on February 11, 2004.

                                         Miriam Conrad