

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*



*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

February 3, 2004

**By Hand Delivery**

Miriam R. Conrad, Esq.
Federal Defender Office
408 Atlantic Avenue, 3rd Fl.
Boston, MA 02210

Re:   **United States v. Essam Mohammed Almohandis,**
      **Criminal No. 04-10004-PBS**

Dear Miriam:

Pursuant to Rule 116.3 of the Local Rules of the United States District Court for the District of Massachusetts, the government responds to your letter of January 30, 2004 as follows:

1.   Statements of Defendant

You have received copies of all statements of the Defendant, recorded in the forms set forth in the government's automatic discovery letter dated January 27, 2004. The government does not agree to provide the agents' or troopers' notes taken during the interviews from which those reports were prepared. Such disclosure is not required by Fed. R. Crim. P. 16(a)(1)(A). Moreover, Rule 116.9 of the Local Rules supports the government's position that it is not required to make such disclosure. The notes have been preserved, as that Local Rule requires.

2.   Books, papers, documents, photographs, tangible objects

   a.   At the time of Defendant's initial appearance, you were provided with a complete set of 45 original photographs taken during the investigation. In addition to the original photographs, you were provided with a CD/Rom containing those digitalized images. The government is unaware of any other photographs.

   b.   The government is unaware of audio or video tapes, or other films made during the course of the crime charged, or during identification or

        investigative procedures.

c.    As set forth above at 2.a., you have previously been provided with all photographs in this case, including those of Defendant.

d.    At present, the government does not intend to introduce any chart, summary, diagram or map in its case-in-chief at trial. Should it subsequently determine to introduce such evidence, you will be provided with appropriate notice.

e.    You have previously been provided with the only chart, summary, diagram or map known by the government to have been prepared by anyone involved with this case. (US.EMA.025). As set forth above at 2.d., the government does not intend to introduce any chart, summary, diagram or map in its case-in-chief at trial.

f.    You have previously received the chain of custody documents regarding all of those items which were seized from Defendant. (US.EMA.007-008); (US.EMA.019-023); (US.EMA.039-040, 048-049); (US.EMA.059-063). With respect to any item which remains in the custody of the government, you will be provided with a copy of the chain of custody document prior to the introduction of that evidence at trial.

3.    <u>Exculpatory Evidence</u>

In its automatic discovery letter dated January 27, 2004, and further in a supplemental discovery letter sent to you today, the government provided its responses regarding exculpatory evidence, including <u>Giglio</u> responses from the Federal Bureau of Investigation and the Massachusetts State Police regarding potential witnesses who are employed by those two agencies. The government awaits further disclosures from the F.B.I. regarding its experts, Messrs. Monhal and Hickey, as well as disclosures from Immigration and Customs Enforcement and the U.S. Customs and Border Protection, and will pass them on to you as soon as they are received.

4.    <u>Expert Testimony</u>

You have received draft and final expert reports by prior communications, or in the supplemental discovery letter sent to you today. Specifically, you were sent 1) the final report by Thomas J. Monhal, F.B.I. Explosives Unit (US.EMA.215-216), a draft copy of which you had previously received on January 21, 2004; 2) the final report by Daniel M. Hickey, F.B.I. Explosives Unit Chemist (US.EMA.213-214); 3) the curriculum vitae of Massachusetts State Trooper Timothy R. Murray (US.EMA.210-212). In addition, you were provided with 4) Bates-stamped curriculum vitae for Messrs. Monhal and Hickey. (US.EMA.239-247). You had

previously received copies of those curriculum vitae by telecopier on January 30, 2004. Along with its discovery letter dated January 27, 2004, you were provided with the Bates-stamped report of the Massachusetts State Police containing the findings of Trooper Murray. (US.EMA.044-045, 047). You had previously received a copy of that report during the detention hearing proceedings.

Please call the undersigned Assistant U.S. Attorney if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

GREGORY MOFFATT
Assistant U.S. Attorney
617-748-3370

enclosures
cc:   Ms. Gina Affsa
      Clerk to the Honorable Robert B. Collings
      (w/o enclosures)