```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                           ) | Criminal No. 04-10004-PBS |
| ) | |
| ) | |
| **ESSAM MOHAMMED ALMOHANDIS** ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO LIMIT EXPERT TESTIMONY

The government hereby opposes the Defendant's Motion To Limit Expert Discovery, filed on February 11, 2004.

A. <u>The Government's Expert Should Not Be Precluded From Identifying The Devices As Hazardous Materials.</u>

Defendant's Expert, Supervisory Special Agent Thomas J. Mohnal, an explosives technician with the Federal Bureau of Investigation, will opine that the three devices Defendant carried in his backpack constitute "hazardous materials' not permitted on a passenger aircraft. Defendant argues that this testimony would violate Fed. R. Evid. 404(b).

The government agrees that Defendant is not charged with violating 49 U.S.C. § 46312. That charging decision hardly makes the fact that the devices constitute hazardous materials "completely irrelevant in this case." Motion at 2. Fireworks, including the class of fireworks carried by Defendant, *are* forbidden to be carried on passenger aircraft. 8 C.F.R. § 172.101 (Hazardous Materials Table). The expert will state that in his opinion, the devices Defendant carried are among a

1

class of fireworks which are forbidden on passenger aircraft. That is not evidence of "[an]other[] crime[], wrong[] or act[] ... not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). It is testimony regarding the very same act of carrying fireworks that is at issue in the case. Fed. R. Evid. 404(b) does not apply.

Nor is the expert testimony on the point inadmissible under Fed. R. Evid. 403. The testimony is relevant, but poses no danger of being unfairly prejudicial, of confusing the issues, of misleading the jury, or of wasting time.

The testimony on the point can be summed up as follows: These devices are fireworks. Fireworks are considered to be hazardous materials. Fireworks can't be brought onto a passenger aircraft.

> B. The Government's Experts Should Not Be Precluded From Identifying The Devices As Incendiary Devices.

The government does not challenge that it is the province of the Court to instruct the jury on the law. That does not mean that the government's explosives experts should be precluded from testifying that the devices are incendiary devices. 49 U.S.C. § 46505, provides in pertinent part:

> **(b) General criminal penalty**. – An individual shall be fined under title 18, imprisoned for not more than 10 years, or both, if the individual –

2

>    . . . .
>
>    (3) has on or about the individual, or
>    has placed, attempted to place, or attempted
>    to have placed on that aircraft, an explosive
>    or incendiary device.

49 U.S.C. §46505.

The First Circuit addressed the definition of "an explosive or incendiary device" in <u>United States v. Mena</u>, 933 F.2d 19, 28 (1st Cir. 1991). The Court found guidance in the civil disturbance and arson statutes, 18 U.S.C. §§232(5) and 844(j), noting that, "[w]hile it is arguable that the terms' meanings as used in section 1472(l) [the precursor to §46505] are broader than under the Arson Statute. . . their meanings are certainly no narrower." <u>Id.</u> The <u>Mena</u> court relied on the definition of explosive or incendiary device contained in 18 U.S.C. §232(5)(c), and noted that that section described one type of incendiary device and included similar such devices. That definition now reads as follows:

> any incendiary bomb or grenade, fire bomb, or
> similar device, including any device which
> (i) consists of or includes a breakable
> container including a flammable liquid or
> compound, and a wick composed of any material
> which, when ignited, is capable of igniting
> such flammable liquid or compound, and (ii)
> can be carried or thrown by one individual
> acting alone.

The <u>Mena</u> court found that item possessed by the defendant – a tin can equipped with a wick, protruding brass contacts and filled with a kerosene-like liquid – constituted an "explosive or

incendiary device" under the predecessor to §46505.

The government submits that the explosives experts should no more be precluded from testifying that the devices at issue here meet the definition of "incendiary device" than a ballistician is from testifying that a particular weapon meets the federal definition of "firearm" found at 18 U.S.C. § 921(a)(3).  Even if that opinion "embraces the ultimate issue to be decided by the trier of fact," such opinion testimony is not objectionable. Fed. R. Evid. 704(a).

> C. <u>The Government Does Not Anticipate Eliciting Testimony That The Devices Can Be Used As Components Of An Improvised Explosive Device.</u>

The government has informed counsel for the Defendant that it does not anticipate eliciting testimony from an expert witness that the devices in this case can be made to function as a component of an improvised explosive device.  The undersigned attorney for the government has informed counsel for the Defendant that if, during the course of the trial, the undersigned believes that defense questioning has opened the door

to such testimony, the undersigned will advise the Court and Defendant's counsel of that intention.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    UNITED STATES ATTORNEY

By:   /s/ Gregory Moffatt
    GREGORY MOFFATT
    Assistant U.S. Attorney
    (617) 748-3370

DATED: February 13, 2004

### CERTIFICATE OF SERVICE

I, Gregory T. Moffatt, Assistant U.S. Attorney, do hereby certify that I have this day served the copy of the foregoing by hand delivery and electronic filing, to Miriam R. Conrad, Esq., Federal Defender Office, 408 Atlantic Avenue, 3rd Fl., Boston, MA 02210, this 13th day of February 2004.

    /s/ Gregory Moffatt
    GREGORY MOFFATT
    Assistant U.S. Attorney