# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                                    CRIMINAL NO. 2004-10004-PBS

ESSAM MOHAMMED ALMOHANDIS.

## *ORDER ON MOTION FOR PRODUCTION OF NOTES OF DEFENDANT'S STATEMENTS (#28)*

COLLINGS, U.S.M.J.

It is ORDERED that the Motion for Production of Notes of Defendant's Statements (#28) be, and the same hereby is, ALLOWED. The Government is ORDERED to give copies of the notes to counsel for the defendant *no later than 12 Noon on Friday, February 20, 2004.*

While I intend to write an Opinion giving, in more detail, the reasons for my decision, I do state at this point that I find that the agents' rough notes of interviews with the defendant fall within the category of "the portion of *any* written record containing the substance of any relevant oral statement made

before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent...". Rule 16(a)(1)(B)(ii), Fed.R.Crim. P. (emphasis supplied). This category, created by the 1991 amendments to the Federal Rules of Criminal Procedure, is new. The pre-1991 version, which is now contained (with one minor change[1]) under the title "Defendant's Oral Statement" in Rule 16(a)(1)(A), Fed.R.Crim.P., required production of only "the substance of any oral statement which the government intends to offer at trial made by the defendant whether before or after arrest in response to interrogation by a person the defendant knew was a government agent...". Rule 16(a)(1)(A), Fed.R.Crim.P. (pre-1991 version).

While an agent's rough notes (as opposed to a prepared report) may not have had to be disclosed under either the current or pre-1991 version of Rule 16(a)(1)(A), Fed.R.Crim.P., it is manifest that under Rule 16(a)(1)(B)(ii), Fed.R.Crim.P., the agent's rough notes are "a written record containing the substance of any oral statements made by the defendant..." They may not be

---

[1] The current version of Rule 16(a)(1)(A), Fed.R.Crim.P., requires production of oral statements "if the government intends to use the statements at trial." This would cover those oral statements made by a defendant which the government intends to use at trial which, for some reason, were never reduced to writing or were never the subject of a written record.

the only written record, but that is beside the point. The Rule requires production of *"any written record..."*. *Id.* (emphasis supplied).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

February 19, 2004.