UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-1004-PBS |
| | ) | |
| ESSAM M. AL-MOHANDIS | ) | |

DEFENDANT'S RESPONSE TO
GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO LIMIT EXPERT TESTIMONY

Defendant, Essam M. Al-Mohandis, respectfully submits this response to the Government's Opposition to Defendant's Motion to Limit Expert Testimony ("Government's Opposition"), with respect to that portion asserting the purported relevance of testimony that the firecrackers in question are "hazardous materials" not permitted on aircraft for the purposes of 49 U.S.C. § 46312(a) and 49 C.F.R. § 172.101.

The government simply misses the point. It fails to articulate how the jury could properly consider this evidence or how it is probative of any issue material to the charged offenses. The fact that the firecrackers are banned from airplanes as "hazardous materials" does not make it more likely that they are banned as "incendiary devices." Nor does the fact that the defendant's conduct allegedly violated a different statute, under which he is not charged, reflect on any relevant state of mind or other factor.

In short, the fact that the items may be banned from airplanes under a different statute has no more relevance in this

trial than evidence of a different, uncharged statutory prohibition would in any other criminal case. For example, in a case charging a defendant with being a felon in possession with a firearm, evidence that state law prohibited him from possessing a firearm because he lacked a firearms identification card would not prove anything relevant to the federal charge (absent some sort of claim of right by the defendant that relied upon state law). Similarly, in a case charging a defendant with importing controlled substances into the country, evidence that the controlled substances were considered "hazardous materials" would not be relevant, absent a specific charge arising from that violation.

The danger of prejudice here is patent. It is blackletter law -- routinely repeated in jury instructions -- that a jury is to consider only the crime charged. See 1A O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, (5th Ed. 2000), § 12.09; Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Criminal Cases, Instruction No. 1.19 (1997) ("The defendant is not on trial for any act conduct, or offense not alleged in the indictment"); Pattern Criminal Jury Instructions of the District Judges Assocation of the Sixth Circuit, Instruction No. 2.01, No. 7.13 (1991); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 3.10 (2000).

One wonders what sort of limiting instruction the Court would give if it allowed the evidence that the government seeks to introduce. It is impossible to complete the sentence: "You shall only consider this evidence for the purpose of . . ." The government suggests that the evidence shows that these items are not allowed on planes. But the jury is not being asked to determine whether that is true as a general proposition, only whether the defendant violated the statutes identified in the indictment. The government's approach would allow the jury to find the defendant guilty of a crime with which he is not charged. See United States v. Douglas, 1992 U.S. App. LEXIS 25768 (9th Cir. 1992), *10-11.

                                ESSAM M. AL-MOHANDIS
                                By his attorney,

                                Miriam Conrad
                                  B.B.O. # 550223
                                Federal Defender Office
                                408 Atlantic Ave. 3rd Floor
                                Boston, MA  02110
                                Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Gregory Moffatt by delivery on February 17, 2004.

                                Miriam Conrad