```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
UNITED STATES OF AMERICA      )
                              )
v.                            )    Criminal No. 04-10004-PBS
                              )
ESSAM MOHAMMED ALMOHANDIS     )
_____)
```

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the government hereby submits its requests for jury instructions in the captioned matter.  The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions and developments at trial.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney
                         By:
                               /s/ Gregory Moffatt
                              GREGORY T. MOFFATT
                              Brian Kelly
                              Assistant U.S. Attorneys
```

DATED: February 20, 2004

Certificate of Service

    I hereby certify that a true copy of the above document was served upon counsel for the defendant by hand to the Federal Defender box maintained at the United States Attorney's reception area on February 20, 2004.

```
                               /s/ Gregory Moffatt
                              GREGORY T. MOFFATT
```

-1-

**COUNT ONE: CARRYING A WEAPON OR EXPLOSIVE ON AN AIRCRAFT**
**49 U.S.C. § 46505(b)(3)**

Count One of the indictment charges the defendant with violating Section 46505(b)(3) of Title 49 of the United States Code.  This is a criminal statute that provides that it is unlawful for any person to have on or about his person on an aircraft, or place or cause to be placed on an aircraft, an explosive or incendiary device.

Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

First: that ESSAM MOHAMMED ALMOHANDIS knowingly had on or about his person, or placed or caused to be placed;

Second: an explosive or incendiary device;

Third: on an aircraft.

The term "explosive or incendiary device" means (A) dynamite and all other forms of high explosives, (B) any explosive bomb, grenade, missile, or similar device, and (C) any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound,

and (ii) can be carried or thrown by one individual acting alone.

49 U.S.C. § 46505(3); 18 U.S.C. § 232(5); <u>United States v. Mena</u>, 933 F.2d 19, 28 (1st Cir. 1991).

## COUNT TWO: FALSE STATEMENTS
## 18 U.S.C. § 1001(a)(2)

Count Two of the indictment charges the defendant with making a false statement in a matter within the jurisdiction of a government agency. For you to find the defendant guilty of this crime you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First: that ESSAM MOHAMMED ALMOHANDIS knowingly made a material false statement;

Second: that ESSAM MOHAMMED ALMOHANDIS made the statement voluntarily and intentionally; and

Third: that ESSAM MOHAMMED ALMOHANDIS made the statement to a federal agency, namely United States Customs and Border Protection.

A false statement is made "knowingly" if ESSAM MOHAMMED ALMOHANDIS knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decisionmaker to which it was addressed.

A statement is "false" if it was untrue when made.

United States v. McGauley, 279 F.3d 62, 69 (1st Cir. 62); United States v. Duclos, 214 F.3d 27, 33 (1st Cir. 2000); First Circuit, Pattern Jury Instructions, Criminal - 1998 Edition.