UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 04-10004-PBS |
| ) | |
| ESSAM M. AL-MOHANDIS   ) | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, defendant, Essam M. Al-Mohandis, requests the Court to include the following instructions in its charge to the jury. Defendant respectfully reserves his right under Fed. R. Crim. P. 30 to submit appropriate further instructions or to amend or withdraw these requests prior to the close of evidence in the case. See Bruno v. United States, 259 F.2d 8, 9 (9th Cir. 1958) ("We think that [defendant] reasonably delayed in submitting his requested instructions until he could know, from the Government's case-in-chief, whether his theory of defense would have some support in the evidence").

ESSAM M. AL-MOHANDIS
By his attorney,

/s/ Miriam Conrad

Miriam Conrad
   B.B.O. #550223
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02110

CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Gregory Moffatt by delivery on February 20, 2004.

Miriam Conrad

<u>DEFENDANT'S REQUEST NUMBER 1</u>

PRESUMPTION OF INNOCENCE

The law in the United States of America presumes every defendant to be innocent of crime. This presumption of innocence can be overcome only if the government, by means of competent evidence, convinces the jury beyond a reasonable doubt of the guilt of Mr. Al-Mohandis with respect to every element of the offenses with which he has been charged. This presumption of innocence remains with Mr. Al-Mohandis throughout the course of this trial.

<u>Authority</u>

<u>United States v. Campbell</u>, 874 F.2d 838 (1st Cir. 1989);

<u>United States v. Littlefield</u>, 840 F.2d 143 (1st Cir.)
(recommending trial courts to make "presumption of innocence concept ... as explicit as possible"), <u>cert</u>. <u>denied</u>, 488 U.S. 860 (1988).

<u>DEFENDANT'S REQUEST NUMBER 2</u>

<u>BURDEN OF PROOF</u>

The government has the burden of proving every element of the charge against Mr. Al-Mohandis beyond a reasonable doubt. If it fails to do so, you must return a verdict of not guilty. This burden remains with the government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

DEFENDANT'S REQUEST NUMBER 3

### BURDEN OF PROOF

The burden of proving that the defendant is guilty is upon the government. A defendant need not present any evidence for you to find him not guilty. The presumption of innocence alone is sufficient for you to conclude after careful and impartial consideration of all the evidence that Mr. Al-Mohandis is not guilty.

See First Circuit Pattern Jury Instructions, 3.02.

DEFENDANT'S REQUEST NUMBER 4

## REASONABLE DOUBT

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with

absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.


Instruction given by Judge Keeton, approved in <u>United States v. Cleveland</u>, 106 F.3d 1056, 1062-63 (1st Cir. 1997). <u>See</u> First Circuit Pattern Jury Instructions 3.02, n. 5.

DEFENDANT'S REQUEST NUMBER 5

<u>IMPROPER CONSIDERATIONS</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant. All persons are entitled to the presumption of innocence and the government has the same burden of proof, as I have discussed.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged, or about what you believe the law should be, to enter into your deliberations.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case, and the law as I have given it to you.

<u>DEFENDANT'S REQUEST NUMBER 6</u>

<u>LAW ENFORCEMENT OFFICERS</u>

You have heard the testimony of several law enforcement agents. The fact that a witness may be employed by the federal government or as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Sand, <u>Modern Federal Jury Instructions</u>, at ¶7.01 (Instruction No. 7-16).

<u>DEFENDANT'S REQUEST NUMBER 7</u>

<u>ELEMENTS OF THE OFFENSE: 49 U.S.C. § 46505</u>

Count One charges that on January 3, 2004, Mr. Al-Mohandis "had on or about his person on an aircraft or did place or cause to be placed on an aircraft, to wit Lufthansa flight 422 from Frankfurt, Germany to Boston, Massachusetts, three . . . incendiary devices."

In order to prove that Mr. Al-Mohandis committed the crime charged in Count One, the government must prove the following things beyond a reasonable doubt:

1) that Mr. Al-Mohandis knowingly had the items on or about his person on the aircraft and

2) that the items were incendiary devices, as I will define that phrase.

DEFENDANT'S REQUEST NUMBER 8

KNOWINGLY

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant knowingly had the items in question on or about his person. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

Authority

United States v. Gammage, 790 F.2d 431 (5th Cir. 1986).

United States v. Lawson, 780 F.2d 535 (6th Cir. 1985).

United States v. Ramsey, 785 F.2d 184 (7th Cir.), cert. denied, 476 U.S. 1186 (1986).

United States v. Dougherty, 763 F.2d 970 (8th Cir. 1985); United States v. Holecek, 739 F.2d 331 (8th Cir. 1984), cert. denied, 469 U.S. 1218 (1985).

United States v. Jewell, 532 F.2d 697 (9th Cir.), cert. denied, 426 U.S. 951 (1976).

United States v. Arbizo, 833 F.2d 244 (10th Cir. 1987).

DEFENDANT'S REQUEST NUMBER 9

INCENDIARY DEVICE

An incendiary device is a group of components designed to spread and direct a widespread fire, with a source of ignition and no industrial application.[1]

For purposes of this charge, the government also must prove that the device is "any incendiary bomb or grenade, firebomb, or similar device, including any device which i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and ii) can be carried or thrown by one individual acting alone."  18 U.S.C. § 232(5).

An incendiary bomb is a bomb that contains an incendiary agent (such as jellied gasoline) and is designed to kindle fires at its objective.  A firebomb is the same thing.[2]  In order to prove that the items in question are incendiary devices, the government must prove beyond a reasonable doubt that they are either incendiary bombs or incendiary grenades or firebombs or "similar devices."  In order to prove that they are "similar

---

[1] See United States v. Agrilla-Ladlad, 675 F.2d 905, 911 (7th Cir. 1982)(providing definition given by government expert). See also United States v. Simmons, 83 F.3d 686, 688 (4th Cir 1996) (finding that a Molotov cocktail is an incendiary device or destructive device because it is "a weapon whose design and primary purpose is to cause injury or to destroy property").

[2] See Webster's Unabridged Dictionary.

devices" within the meaning of the statute, the government must prove beyond a reasonable doubt, that the devices have both a purpose and a destructive capability similar to that of an incendiary bomb, incendiary grenade, or firebomb.

DEFENDANT'S REQUEST NUMBER 10

## FALSE STATEMENT

Count Two charges Mr. Al-Mohandis with willfully and knowingly making a materially false statement in a matter within the jurisdiction of a government agency. For you to find the defendant guilty of this crime you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that Mr. Al-Mohandis made a material statement;

Second, that the statement was false;

Third, that Mr. Al-Mohandis made the allegedly false statement knowingly and willfully; and

Fourth, that the statement was made in a matter within the jurisdiction of the government of the United States.

Sand, Modern Federal Jury Instructions, Instruction 36-8.

<u>DEFENDANT'S REQUEST NUMBER 11</u>

<u>FIRST ELEMENT</u>

The government first must prove beyond a reasonable doubt that Mr. Al-Mohandis made the statement alleged and that the statement was material. A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decision-maker to which it was addressed, regardless of whether the agency actually relied upon it.

Adapted from First Circuit Pattern Jury Instruction 4.18.1001

DEFENDANT'S REQUEST NUMBER 12

## WHAT CONSTITUTES A FALSE STATEMENT

In order to prove that the statement was false, the government must prove beyond a reasonable doubt that it was untrue when made <u>and</u> that Mr. Al-Mohandis knew that it was untrue at the time that he made it.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 36-10

<u>DEFENDANT'S REQUEST NUMBER 13</u>

<u>KNOWING AND WILLFUL</u>

The third element which the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully. An act is done knowingly if it is done purposefully and voluntarily, as opposed to mistakenly or accidentally. An act is done willfully if it is done with an intention to do something the law forbids, a bad purpose to disobey the law.

Sand, Modern Federal Jury Instructions, Instruction 36-11.

DEFENDANT'S REQUEST NUMBER 14

## THE CRIMES CHARGED

You are only to consider the crime charged. If you do not find beyond a reasonable doubt that Mr. Al-Mohandis committed either of the crimes charged -- even if you are convinced that he committed some other crime -- you must find him not guilty.

<u>DEFENDANT'S REQUEST NUMBER 15</u>
(to be given only if defendant does not testify)

<u>DEFENDANT'S DECISION NOT TO TESTIFY</u>

Under our Constitution, the defendant has an absolute right not to testify. In this case the defendant has exercised that lawful right. The fact that he has elected not to take the stand is in no way to be regarded by you as involving the questions of his innocence or his guilt. No negative inference may be drawn from this decision. Mr. Al-Mohandis has entered a plea of not guilty and by doing so has denied the charges. I instruct you emphatically that, in the jury room, you may <u>not</u> speculate about why he did not take the stand. You may not even discuss the fact that he did not testify. I have told you why he did not testify. He has exercised his lawful right.