UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-1004-PBS |
| ) | |
| ESSAM M. AL-MOHANDIS ) | |

DEFENDANT'S TRIAL BRIEF

Defendant, Essam M. Al-Mohandis, respectfully submits this memorandum to outline anticipated issues at trial.

FACTS

Defendant anticipates that the evidence will show that, on January 3, 2004, Mr. Al-Mohandis arrived at Logan Airport. He was traveling to Boston on a valid visa to attend a training program at MJ Research, related to his employment at the King Faisal Specialist Hospital in Riyadh, Saudi Arabia.

During a customs inspection of his backpack, Customs Inspector Mailloux found three small (1½" long and 3/16" in diameter) items variously described as firecrackers or "match crackers". The government contends that Mr. Al-Mohandis falsely stated that the items were artist's pens or crayons when he was shown one of them.

LEGAL ISSUES

Incendiary Devices

Count One of the indictment charges that Mr. Al-Mohandis "had on or about his person on an aircraft or did place or cause to be placed on an aircraft, to wit, Lufthansa flight 422 from Frankfurt, Germany to Boston, Massachusetts, three . . . incendiary devices." A crucial legal and factual issue in this case is whether the items found in Mr. Al-Mohandis' backpack are "incendiary devices" within the meaning of 49 U.S.C. § 46505(b)(3).

The statute itself does not define the term. In United States v. Mena, 933 F.2d 19 (1st Cir. 1991), the First Circuit interpreted the predecessor statute, 49 U.S.C. App. § 1472(l). In seeking a definition for "incendiary device," the Court turned to 18 U.S.C. § 232(5), which defines the term "explosives or incendiary device" in a chapter labeled "Civil Disorders." That definition applies to arson and related prosecutions under 18 U.S.C. § 844. Section 232(5) defines an "explosive or incendiary device" as

> any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual alone.

Hazardous Materials

The government has indicated its intention to introduce evidence that the items are hazardous materials and, as such, may not be transported on an airplane. 49 U.S.C. § 46312. As previously addressed in defendant's Motion in Limine to Limit Expert Testimony, defendant contends that such evidence is inadmissible and would only serve to confuse the jury. Mr. Al-Mohandis has not been charged under § 46312. The jury should not be permitted to hear evidence about a different, uncharged statute. For the same reason, defendant objects to the admission of that portion of Mr. Al-Mohandis' airplane ticket that reportedly notifies passengers that certain hazardous materials, including firecrackers and sparklers, are not permitted on airplanes. This is an apparent reference to a regulation defining hazardous materials for purposes of § 46312. But the statute under which Mr. Al-Mohandis is charged does not incorporate that regulation, which does not define incendiary devices. Again, admission of this evidence would confuse the jury. Evidence of the notice on the airplane ticket would further carry the risk that the jury would take it as evidence of what the applicable law is. Whether the items are hazardous materials or not simply is not an issue in this case; therefore, evidence that they are banned from airplanes <u>as hazardous materials</u> should not be before the jury. If the government seeks

to introduce this notice to show Mr. Al-Mohandis' knowledge that the items were prohibited, defendant submits that knowledge of the prohibition is not an element of the offense. The government should not be permitted this evidence in its case-in-chief, absent any assertion that Mr. Al-Mohandis intends to present a defense that relies upon a mistake of law.

Customs Declaration

Finally, defendant moves to exclude the customs declaration filled out by Mr. Al-Mohandis, as it contains no relevant information and contains hearsay, in the form of notes made by the customs inspector. Undersigned counsel apologizes for not having filed an earlier, and separate, motion in limine on this subject. She learned yesterday from government counsel that the notations were made by the customs inspector, not by defendant. These notations -- which include a question mark and other markings - clearly are inadmissible hearsay and should be excluded. Even if the jury is instructed that it should not consider these notations for the truth of the matter, a danger that they nonetheless would do so is great. The probative value of this document is negligible. Furthermore, to the extent that the government seeks to somehow show that the customs declaration was less than truthful (although undersigned counsel is unaware of any evidence that it was), defendant first notes that this was not the subject of a notice under Fed. R. Evid. 404(b), and

further submits that the evidence is likely to confuse the jury, in a case in which the defendant is charged with a different false statement.

ESSAM M. AL-MOHANDIS
By his attorney,

/s/ Miriam Conrad

Miriam Conrad
B.B.O. # 550223
Federal Defender Office
408 Atlantic Ave. 3rd Floor
Boston, MA 02110
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Gregory Moffatt by delivery on February 20, 2004

/s/ Miriam Conrad

Miriam Conrad