# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                                    CRIMINAL NO. 2004-10004-PBS

ESSAM MOHAMMED ALMOHANDIS.

## *OPINION[1] ON MOTION FOR PRODUCTION OF NOTES OF DEFENDANT'S STATEMENTS (#28)*

COLLINGS, U.S.M.J.

Defendant's Motion for Production of Notes of Defendant's Statements (#28) raises the issue of whether the defendant is entitled, under Rule 16(a) of the Federal Rules of Criminal Procedure, to production of the rough notes of agents who interviewed him. The defendant has been provided with the agents' formal reports of the interviews which, presumably, were written after the interviews and based on the rough notes and the agents' recollections.

---

[1] An Order allowing the motion entered on February 19, 2004. Time was of the essence since trial was scheduled to commence and, in fact, commenced on February 23, 2004. In the Order, the Court indicated that it intended to write an Opinion giving the detailed reasons for the allowance of the motion.

The facts are that the defendant, a citizen of Saudi Arabia, was arrested at Logan International Airport, Boston after he arrived on a Lufthansa flight from Riyadh, Saudi Arabia via Frankfurt on January 3, 2004. He was arrested before he was admitted to the United States when border agents discovered three "devices" in his backpack which the government claims are "incendiary" or "explosive" devices. He was charged in a complaint with possessing the devices on the aircraft as well as making false statements to government agents that the devices were artist's pens or crayons.

On January 13, 2004, the Grand Jury returned a two-count indictment against the defendant. Count Two of that indictment alleges that:

> On or about January 3, 2004, at Boston, in the District of Massachusetts,
>    ESSAM MOHAMMED ALMOHANDIS,
> in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made materially false, fictitious or fraudulent statements or representations, to wit, that three explosive or incendiary devices in his possession were artist's crayons or pens, in violation of 18 U.S.C. § 1001(a)(2).

The allegedly false statements were made during the interviews of the defendant by government agents at Logan Airport on January 3, 2004.

Rule 16(a)(1), Fed. R. Crim. P., deals with disclosures which the

government must make. Subsection (A) governs disclosure of "Defendant's Oral Statement," and subsection (B) governs disclosure of "Defendant's Written or Recorded Statement."

Subsection (A) reads:

> (A) Defendant's Oral Statement. Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

Subsection (B) reads:

> (B) Defendant's Written or Recorded Statement. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection copying, or photographing, all of the following:
>
> (i) any relevant written or recorded statement of the defendant if:
>
> the statement is within the government's possession, custody or control; and
>
> the attorney for the government knows - or through due diligence could know - that the statement exists;
>
> (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the

>>statement in response to interrogation by a person the defendant knew was a government agent; and

>(iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

In my judgment, Rule 16(a)(1)(A), Fed. R. Crim. P., is designed to deal with the situation in which a defendant makes an oral statement to a government agent in response to interrogation knowing that the person is an agent. Regardless of whether or not the agent ever reduces the oral statement to writing, the government must disclose the "substance" of the oral statement to the defendant if it intends to use the oral statement at trial. There is no question but that the United States Attorney has complied with the obligation to disclose the "substance" of the defendant's oral statements in the instant case; the "substance" is contained in the agents' formal written reports which have been turned over. But the important point is that even if the agents had not written any reports, the government would still have had the obligation to disclose the "substance" to the defendant in some other manner if the government intended to use the statements at trial. If there were oral statements made by the defendant to a government agent which the government was not going to use at trial, Rule 16(a)(1)(A) would not impose

a duty to disclose them.  However, as discussed *infra,* if the substance of the oral statements was reduced to writing, Rule 16(a)(1)(B)(ii) would require production.

    Rule 16(a)(1)(B)(ii), Fed. R. Crim. P., contains an additional obligation to disclose "any written record containing the substance of any relevant oral statements" made by the defendant.  Unlike Rule 16(a)(1)(A), the obligation to disclose exists regardless of whether or not the government intends to use the statement at trial.  Thus, under this provision, the United States Attorney also would have had the obligation to turn over the agents' formal written reports because they were a "written record containing the substance of" defendant's oral statements to a government agent.

    That brings us to the issue raised by defendant's motion in the instant case, i.e., under Rule 16(a)(1)(B)(ii), must the United States Attorney disclose the agents' rough notes of the interviews with the defendant?  In my judgment, the correct answer to the question is in the affirmative.  The Rule requires production of "*any* written record of the substance of any relevant oral statement...".  The notes are "*a*" written record.  They may not be the only written record, but they certainly are "a" written record.

Rule 16(a)(1)(B)(ii) was added in 1991.[2]  The Advisory Committee Notes to the 1991 amendments support this view.  They provide, in pertinent part:

> The rule now requires the prosecution, upon request, to disclose any written record which contains reference to a relevant oral statement by the defendant which was in response to interrogation, without regard to whether the prosecution intends to use the statement at trial.  The change recognizes that the defendant has some proprietary interest in statements made during interrogation regardless of the prosecutor's intent to make any use of the statement.
>
> The written record need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and defense to identify the statement.

1991 Advisory Committee Notes, reprinted at 134 F.R.D. 495 (1991). In the instant case, the rough notes surely contain a "reference to a relevant oral statement" and, as such, are a "written record" required to be disclosed.

In addition, some recent case law supports the principle that rough notes

---

[2] The pre-1991 version of Rule 16(a)(1)(A), to the extent that it required production of the defendant's oral statements, only required the government to disclose "...the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent...".  There was no provision for disclosure of any written record of oral statements.  Thus, under the pre-1991 version of the Rule, the agents' rough notes would not be subject to production under Rule 16.

6

of a defendant's oral statements are subject to disclosure. *United States v. Molina-Guevara,* 96 F.3d 698, 705 (3 Cir., 1996)*; United States v. Lilly,* 2003 WL 168443, *1-2 (D.W.Va., 2003); *United States v. Shane,* 2001 U.S. Dist. Lexis 6437, *48 (D. Kan., 2001); *United States v. Griggs,* 111 F. Supp. 2d 551, 553-556 (M.D. Pa., 2000); *United States v. Carucci,* 183 F.R.D. 614 (S.D.N.Y., 1999). In fact, in both the *Molina-Guevara* and *Carucci* cases, the Government took the position that the agent's rough notes taken during the interrogation of the defendant were discoverable at least during the pre-trial phase of the case. *See Molina-Guevara,* 96 F.3d at 705; *Carucci,* 183 F.R.D. at 614-5.

The post-1991 cases which hold that an agent's rough notes of a defendant's oral statements are not producible do not appear to take note of the 1991 change adding Rule 16(a)(1)(B)(ii) . In *United States v. Muhammad,* 120 F.3d 688, 699 (7 Cir., 1997), the Court cited its 1978 holding in *United States v. Batchelder,* 581 F.2d 626, 635 (7 Cir., 1978), *cert. granted,* 439 U.S. 1066 (1979), *reversed on other grounds,* 442 U.S. 114 (1979), to the effect that "[a] defendant is not entitled to an agent's notes if the agent's report contains all that was in the original notes." *Muhammad,* 120 F.3d at 699. It does not appear from the Court's opinion that any argument was made that the

defendant was entitled to the notes pursuant to Rule 16(a)(1)(B)(ii), Fed. R. Crim. P.

The Fifth Circuit in *United States v. Brown*, 303 F.3d 582 (5 Cir., 2002), *cert. denied,* 537 U.S. 1173 (2003), followed the Seventh Circuit's decision in the *Muhammad* case. *Brown,* 303 F.3d at 590. However, like the Seventh Circuit, the Fifth Circuit made no mention of Rule 16(a)(1)(B)(ii).[3] It is not clear that in the District Court the defendant relied on that provision in seeking the agent's notes. It is more likely that the defendant relied on Rule 16(a)(1)(A). In fact the Fifth Circuit mentions the 1991 Amendments in its opinion but only as to the change to Rule 16(a)(1)(A), not the addition of Rule 16(a)(1)(B)(ii). *Brown,* 303 F.3d at 590, n. 18.

There are three post-1991 cases in the Northern District of New York which deal to differing degrees with the issue. In *United States v. Walker*, 922 F. Supp. 732, 743 (N.D.N.Y., 1996), the Court was dealing with a motion to require agents to preserve their notes, a motion which was granted. In the course of that discussion, the Court cited the text of Rule 16(a)(1)(A), made

---

[3] It is worth noting that the petition for certiorari in the *Brown* case was based, in part, on an argument that the Fifth Circuit did not consider the issue of whether disclosure was required by Rule 16(a)(1)(B)(ii). *See* 2002 WL 32133818.

no mention of Rule 16(a)(1)(B)(ii), and cited a pre-1991 case for the proposition that "[i]n order to fully comply with Rule 16, the government only needs to provide the defendant with the typewritten memoranda of interviews prepared from the agent's handwritten notes" citing *United States v. Konefal,* 566 F. Supp. 698, 708 (N.D.N.Y., 1983). *Walker,* 923 F. Supp. at 744.

In *United States v. Mango,* 1997 WL 222367, *2 (N.D.N.Y., 1997), the same judge who decided *Walker* reiterated the points which he had previously made in the *Walker* case when confronted with a motion for order that the government preserve the notes of its agents. Again, no mention was made of Rule 16(a)(1)(B)(ii), and the motion to preserve the notes was allowed.

Lastly, in *United States v. Myers,* 1997 WL 797507 (N.D.N.Y., 1997), *affirmed,* 208 F.3d 204 (2 Cir., 2000) (unpublished), *cert. denied sub nom. Orcutt v. United States,* 529 U.S. 1122 (2000), the District Court, relying on a 1989 Second Circuit opinion, states that the defendant "...is not entitled under Rule 16(a)(1)(A) to discovery of notes of government agents made during the interrogation of [the defendant]." *Myers,* 1997 WL 797507 *3 citing *United States v. Koskerides,* 877 F.2d 1129, 1133 (2 Cir., 1989). Again, no mention

is made of Rule 16(a)(1)(B)(ii).[4]

In conclusion, I rule that an agent's rough notes of an interview of a defendant in circumstances in which the defendant, at the time of the interview knew that the interviewer was a government agent, are required to be produced under Rule 16(a)(1)(B)(ii), Fed. R. Crim. P., as a portion of any written record containing the substance of any relevant oral statement" made by the defendant. Hence, I allowed the Motion for Production of Notes of Defendant's Statements (#28) on February 19, 2004.

　　　　　　　　　　　*/s/ Robert B. Collings*
　　　　　　　　　　　ROBERT B. COLLINGS
　　　　　　　　　　　United States Magistrate Judge

February 27, 2004.

---

[4] With all due respect, I disagree with the holding in *United States v. Mebust*, 857 F. Supp. 609, 615 (N.D. Ill., 1994) that "...oral statements made by the defendant which are later memorialized by a government agent are not discoverable under Rule 16." Only pre-1991 precedent is cited in support of that holding. *Id.* The Court did cite the post-1991 version of Rule 16(a)(1), including (B)(ii), *id.,* but did not discuss why the agent's written memorialization of the defendant's statements was not a "written record containing the substance of [a] relevant oral statement made by the defendant."