UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                ) | Criminal No. 04-10004-PBS |
| ) | |
| ) | |
| **ESSAM MOHAMMED ALMOHANDIS** ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
PROPOSAL TO TAKE VIDEO CONFERENCE TESTIMONY**

The government hereby opposes the Defendant's proposal to take the testimony of two foreign witnesses by means of video conference. As ground therefor, the government states as follows:

In light of the potential sentence, and the importance of the case to the parties, the government and Defendant have worked cooperatively to expedite and resolve as many issues attendant to this trial as quickly as possible. This effort has involved taking extraordinary steps to coordinate the advance parole of foreign witnesses into the United States, an expedited discovery schedule, and the early disclosure of a good deal of information not normally dealt with on such an accelerated schedule. Much of that activity took place during the week leading up to the trial.

During the week preceding the trial, counsel for the Defendant mentioned the possibility of video-conferencing the testimony of some of the defense witnesses should they be unable to travel to the United States in order to give live testimony.

1

Although the government had taken the position that depositions pursuant to Fed. R. Crim. P. 15(a) were the appropriate and available means of obtaining such testimony, the undersigned expressed a willingness to consider that possibility, given the time constraints and unusual nature of the case.

On Saturday, February 21, 2004, at 6:03 p.m., Defendant's investigator, Andrew Pevehouse, copied the undersigned on an e-mail establishing a testing regime for the technology involved in such a video-conference, with the video/audio feed originating from Saudi Arabia coming from the King Faisal Specialist Hospital in Riyadh. The undersigned responded to that e-mail message merely by stating: "That's fine."[1]

The government must oppose the use of live video-conferencing at trial for several reasons.

First, the Rules of Criminal Procedure establish a procedure for obtaining the testimony of unavailable witnesses, including foreign witnesses. That procedure is Fed. R. Crim. P. 15(a). The Rules do not contemplate another procedure, and the Defendant has not noticed, nor has the Court authorized, Rule 15 depositions.

Second, the government will have no legal representative

---

[1] Copies of Mr. Pevehouse's e-mail dated February 19 and February 21, 2004, the only two e-mails on the subject in the government's possession, are attached hereto for the Court's reference.

2

present in the room where the witnesses appear, and there is, as a practical matter, no means of getting a government representative into the room. Such proceedings must take place pursuant to the procedures set forth in a Mutual Legal Assistance Treaty.

Third, despite several requests, until February 24, 2004, the government was not given any sense of what the testimony of either witness proposed for video teleconferencing would be. The extraordinary lengths proposed need not be gone to for witnesses whose testimony is of marginal relevance, or whose testimony would be cumulative of the testimony of other available witnesses. According to Defendant's counsel, on or about January 1, 2004, Ms. Hayla Al-Marzook attended a party to celebrate the birth of Defendant's daughter. Defendant's counsel stated that Ms. Al-Marzook will testify that she observed certain children playing in and around Defendant's house in places where the adults were not able to supervise them. Presumably, at least Defendant's wife, a witness made available by the government's assistance in requesting her advance parole, will be able to testify to the same thing.[2]

---

[2] Moreover, the government notes that, as with all witnesses identified in the Court's February 12, 2004 Order Regarding Witnesses, it was prepared to recommend Ms. Al-Marzook's advance parole, pending appropriate clearances by the State Department and Department of Homeland Security. For personal reasons, Ms. Al-Marzook chose to remain in Saudi Arabia.

3

Based upon Defendant's counsel's representations, Mohammed Al-Hayan, Defendant's co-worker and fellow passenger on the flight from Riyadh, Saudi Arabia to Frankfurt, Germany, will detail aspects of the trip that he and Defendant took between Riyadh and Frankfurt, and will provide character witness testimony. Without the benefit of some further detail as to his testimony, it is difficult to imagine how that testimony will be critical to the defense.[3]

It would be the Defendant's burden to demonstrate why the Court should allow exceptional practice of taking deposition testimony pursuant to Rule 15. United States v. Kelley, 36 F.3d 1118, 1124-25 (D.C. Cir. 1994)(party seeking deposition in criminal matter bears burden of demonstrating that exceptional circumstances necessitate preservation of testimony through deposition); United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir. 1993)(burden is on moving party to establish exceptional circumstances justifying taking of deposition in criminal case). "[T]here is typically some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates the defendant. Kelley,

---

[3] The government is prepared to acknowledge that Mr. Al-Hayan was stopped by U.S. Customs and Border Protection upon his arrival in San Francisco, California, and that, understanding that he would not be permitted to attend the training he was scheduled to attend, he voluntarily returned to Saudi Arabia. Further, the government notes that it did advocate on behalf of Mr. Al-Hayan's advance parole. That request was denied by some combination of authorities from the State Department and Department of Homeland Security in Riyadh.

4

36 F.3d at 1125 (citing <u>Guam v. Ngirangas</u>, 806 F.2d 895, 897 (9th Cir. 1986); <u>United States v. Wilson</u>, 601 F.2d 95, 97 (3rd Cir.1979); <u>United States v. Ontiveros-Lucero</u>, 621 F.Supp. 1037, 1038 (W.D.Tex. 1985), <u>aff'd</u>, 790 F.2d 891 (5th Cir.1986)). Unlike Rule 15, there are no existing rules for taking a video teleconference, and surely the Defendant cannot have less of a burden. The government submits that he has not met his burden of showing why that practice, if permissible at all without a waiver, should be allowed as to these witnesses. Based upon the disclosures to the government, there is no indication of how Al-Hayan's testimony is exculpatory, and Al-Marzook's testimony appears to amount to speculation that children might have placed the incendiary devices into Defendant's bag.

Fourth, although the Court has proposed to have the Courtroom Clerk swear the witnesses, the oath will have no practical compulsory effect. The witnesses would be beyond the arm of United States law, and the United States and Saudi Arabia have no extradition treaty. Thus, the witnesses would be bound by nothing more than good faith to provide truthful testimony. As the U.S. Court of Appeals for the Eleventh Circuit has noted in the context of foreign depositions, "because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored." <u>United States v. Drogoul</u>,1 F.3d at 1551 (11th Cir. 1993)(citing

5

United States v. Alvarez, 837 F.2d 1024, 1029 (11th Cir.), cert. denied, 486 U.S. 1026 (1988)(other citation omitted). The same holds true for the video teleconferencing Defendant proposes.

In considering the issue, the Court recognized that in United States v. Nippon Paper Indus. Co., Ltd., 17 F. Supp. 2d 38 (D. Mass. 1998), the District Court (Gertner, D.J.) arranged to take video-taped testimony of a cooperating government witness. The case bears further discussion.

In Nippon Paper Indus., the government sought either to take a videotaped Rule 15 deposition, or to use simultaneous video teleconferencing to obtain the testimony of a cooperating witness who declined to come to the United States for health reasons. 17 F. Supp. 2d at 38-39. Defendant objected to taking a Rule 15 deposition, but agreed to video teleconferencing. Although the Court agreed to video teleconferencing, it declined to allow a live feed; rather, it allowed the video teleconferencing to be recorded, edited, and shown to the jury subsequently.

As the District Court in Nippon Paper Indus. recognized, "televisions and videoscreen present antiseptic, watered down versions of reality." Id. at 42. The Court suggested that, had the parties not agreed to video teleconferencing, "these issues might have counseled rejecting video teleconferencing..." Id. at 42-43. Other decisions are in accord with those concerns. In Stoner v. Sowders, the U.S. Court of Appeals for the Sixth

6

Circuit recognized: "To allow trial by deposition (whether video or written) here to substitute for regular trial testimony would over time invite trial by deposition in many, perhaps most, criminal cases. 997 F.2d 207, 213 (6th Cir. 1993)(reversing conviction on Confrontation Clause grounds where trial court permitted two government witnesses in poor health to provide videotaped depositions).

The government submits that the problems caused by the isolation of witnesses from the Court and jury, particularly where testimony and questions must be filtered through a translator, fail to overcome the very concerns the District Court recognized in Nippon Paper Indus., and respectfully requests the Court not to permit video teleconferencing in this case.

Respectfully submitted,<br>
MICHAEL J. SULLIVAN<br>
UNITED STATES ATTORNEY

By: _____
GREGORY MOFFATT
BRIAN KELLY
Assistant U.S. Attorney
(617) 748-3370

DATED: February 25, 2004

## CERTIFICATE OF SERVICE

I, Gregory T. Moffatt, Assistant U.S. Attorney, do hereby certify that I have this day served the copy of the foregoing by hand delivery, to Miriam Conrad, Esq., Federal Defender Office, 408 Atlantic Avenue, 3rd Fl., Boston, MA 02210, this 13th day of February 2004.

_____
GREGORY MOFFATT
Assistant U.S. Attorney

## Moffatt, Gregory

| | |
|---|---|
| **From:** | apevehouse@msn.com |
| **Sent:** | Thursday, February 19, 2004 2:40 PM |
| **To:** | Moffatt, Gregory; USEmbRiyadhWebSite@State.gov; miriam_conrad@fd.org; robert_alba@mad.uscourts.gov; chris_gross@mad.uscourts.gov; apevehouse@msn.com |
| **Subject:** | Video conferencing for witness testimony in criminal trial |

Greetings
I am an investigator for the office of the Federal Public Defender in Boston, Massachusetts. We are beginning a trial in US District Court on Monday, Feb. 23rd at 9:00am. As part of the case for the defense, we will need testimony from two witnesses in Saudi Arabia who are unable to travel personally to the US. The Honorable Patty Saris, our presiding judge, has suggested that we arrange to have their testimony provided via videoconference. I am writing to attempt to make arrangements for a videoconferencing session for these two witnesses.

The contact person for videoconferencing for the Massachusetts District Federal Courthouse (here in Boston) is Mr. Chris Gross (617 748-9088, chris_gross@mad.uscourts.gov). He has asked me to contact the US Embassy in Riyadh to arrange a "test run" between Boston and Riyadh to ensure that the two terminals are compatible. The Courthouse uses "Polycom" and supports 384K bandwidth. Mr. Gross has asked that you provide a "dial-in" number so as to conduct the test.

We anticipate that these witnesses will be testifying in the latter part of next week, likely Thursday the 26th or Friday the 27th, between 9am and 5pm EST. We recognize that, because of the eight-hour time difference, this will be outside of the normal business hours of the Embassy. We hope this fact can be accomodated. We will certainly inform the Embassy as soon as we have a specific time and date, so that any necessary personnel can be made ready. Also, we will try to have the witnesses testify in the early morning our time so that Embassy employees will not be called upon to work at any extremely late hour your time.

Please contact either me or Chris Gross directly to arrange a compatibility test. Please contact either the Assistance United States Attorney Gregory Moffatt (617 748-3370, gregory.moffatt@usdoj.gov) or Judge Saris's courtroom clerk Robert Alba (617 748-9175, robert_alba@mad.uscourts.gov) if you have any other questions. Please feel free to call me (day or night) at the numbers below. We apologize for the short notice, but hope that this can be arranged in the time remaining. Thank you very much for your assistance.

Sincerely yours,

Andy L. Pevehouse
FPD Investigator
(617) 790-2233 office
(617) 669-7914 cellular
apevehouse@msn.com

cc: AUSA Gregory Moffatt, AFPD Miriam Conrad, Mr. Robert Alba, Mr. Chris Gross

---

Say ?good-bye? to spam, viruses and pop-ups with MSN Premium -- free trial offer! http://click.atdmt.com/AVE/go/onm00200359ave/direct/01/

1

**Moffatt, Gregory**

| | |
|---|---|
| From: | apevehouse@msn.com |
| Sent: | Saturday, February 21, 2004 6:03 PM |
| To: | Moffatt, Gregory; mmahmoud@kfshrc.edu.sa; ehealth@kfshrc.edu.sa; chris_gross@mad.uscourts.gov; miriam_conrad@fd.org; apevehouse@msn.com |
| Subject: | Request for live videoconferencing meeting |

```
                    Request for live videoconferencing meeting


Part 1 (King Faisal Hospital)
Date: February 24, 2004
Pre-test time: 2:00pm GMT (Riyadh is GMT +3)

Part 2 (remote site- US District Court, Boston, Massachusetts, USA)
Date: February 24, 2004
Pre-test time: 2:00pm GMT (Boston is GMT -5)

Part 3
Requested by: Miriam Conrad, Esq.
              Federal Public Defender Office of Boston, Massachusetts
Type of conference: testimony of Saudi witness in criminal trial in Boston
Request date: February 21, 2004
Telephone: (617) 223-8061
Email: miriam_conrad@fd.org, apevehouse@msn.com

Part 4 (remote site- US District Court, Boston, Massachusetts, USA)
Address: 1 Courthouse Way, Boston, Massachusetts
Technical contact person: Chris Gross
Technical contact phone#: (617) 748-9088
Technical fax#:
Technical email: chris_gross@mad.uscourts.gov
System type: Polycom
Speed: 384K
Dial-in#:
```

---

Stay informed on Election 2004 and the race to Super Tuesday.
http://special.msn.com/msn/election2004.armx

1